**SO ORDERED.**

**SIGNED this 11 day of July, 2011.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

JAMES M. TRIPP,                                     CHAPTER 13
PAMELA S. TRIPP,                                    CASE NO. 11-02319-8-RDD

      DEBTORS


ORDER ALLOWING DEBTORS' MOTION PURSUANT
TO 11 U.S.C. § 362(c)(4)(B) FOR REIMPOSITION
OF THE AUTOMATIC STAY

Pending before the Court is the debtors' motion pursuant to 11 U.S.C. § 362(c)(4)(B) for a reimposition of the automatic stay as to all creditors filed on March 30, 2011 and the objection to the motion to reimpose the stay filed by One West Bank, FSB on April 13, 2011.  The Court conducted hearings on April 19, 2011 and on July 7, 2011, in New Bern, North Carolina to consider this matter.

James M. Tripp and Pamela S. Tripp (the "Debtors") filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on March 25, 2011.  Two prior cases of the Debtors were pending within the preceding one-year period.  A prior case of the Debtors, docketed as case no. 10-00877-8-RDD, was pending within the preceding one-year period but was dismissed on June 23, 2010. A second prior case of the Debtors, docketed as case no. 10-05784-8-RDD, was pending within the preceding one-year period but was dismissed on January 4, 2011.  Therefore, no automatic stay went

into effect upon the filing of the most recent petition. 11 U.S.C. § 362(c)(4)(A)(i). Although not falling within the preceding one-year period, the Debtors have filed an additional five cases within the preceding ten-year period, docketed as case numbers: 02-05635-8-JRL, 04-01448-8-JRL, 04-05397-8-JRL,05-02649-8-JRL and 09-07743-8-RDD.[1] The Debtors' current filing is subject to the presumption that it was not filed in good faith as provided in 11 U.S.C. § 362(c)(4)(D). However, the Debtors can rebut the presumption that the case was not filed in good faith by clear and convincing evidence to the contrary.

The Court conducted a hearing on April 13, 2011. At the hearing, the Court considered the present motion and the objection. In conjunction with the motion, the Debtors filed an affidavit setting forth the circumstances as to why the prior cases were dismissed and how their situation had changed since the previous filings. In the affidavit, the Debtors stated there had been a substantial change of circumstances and that the female debtor had obtained employment. As of the April hearing date, the female debtor was employed as a full-time office manager at Craven Auto Repair, Inc.

The female debtor testified at the April hearing, that during the previous cases, her work hours had been cut and because of financial setbacks, she and her husband fell behind on their payments and were unable to bring their Chapter 13 plan current. The female debtor also testified that in the prior cases she spent time caring for her mother. Her mother passed away in February of 2011.

---

[1] The female debtor under the name Pamela Saulter Rice, filed an individual voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 19, 1999, docketed as case no. 99-01766-8-JRL. The female debtor's case was dismissed for both the failure to make plan payments and the failure to file a confirmable plan on August 12, 1999.

After considering the evidence presented at the April hearing, the Court found that the Debtors had rebutted the presumption that the case was not filed in good faith by clear and convincing evidence to the extent that a temporary reimposition of the automatic stay was warranted. On April 21, 2011, the Court entered the Order Allowing Debtors' Motion Pursuant to 11 U.S.C. § 362(c)(4)(B) for Reimposition of the Automatic Stay as to All Creditors. The order provided in pertinent part:

> pursuant to 11 U.S.C. § 362(c)(4)(B), the automatic stay contained in 11 U.S.C. § 362(a) shall be reimposed in the case through July 7, 2011, upon the following conditions:
> (1) the Debtors are to tender the April 1, 2011 payment of $840.00 to the lock box immediately;
> (2) the Debtors are to make payments of $1,200.00 to the Trustee within 15 days of the due date, TIME BEING OF THE ESSENCE, being the first day of each month as follows:
> (a) May 1, 2011;
> (b) June 1, 2011;
> (c) July 1, 2011.
> If the Debtors fail to make the payments as set forth above, the Debtors' case will be dismissed with no further hearing of this Court. In the event this case is dismissed pursuant to the terms of this order, then the Debtors are hereby barred and enjoined from filing another bankruptcy petition for five years from the date this case is dismissed.
> Should the case not be dismissed, the Court hereby continues the hearing to July 7, 2011, in New Bern, North Carolina to further determine if the Debtors have overcome the presumption by clear and convincing evidence of not filing this case in good faith.

Pursuant to the order, the Court conducted a hearing on July 7, 2011. At this hearing, the Chapter 13 Trustee informed the Court that the Debtors had complied with the requirements of the previous order. The female debtor testified that subsequent to the April hearing, she accepted employment with Eastern Carolina Dermatology. She testified that she works forty hours per week and earns $11.00 per hour. This amount represents an increase in her income compared to what she

received at Craven Auto Repair, Inc. She testified that her husband is still employed as a service technician with Eastern Propane. He works forty hours per week earning $14.50 per hour. Additionally, she testified that she and her husband filed the current bankruptcy petition for the purpose of paying their debts and keeping their home.

Because the Debtors' current bankruptcy petition follows two previously dismissed cases within the preceding one-year period, the automatic stay may only be imposed if the Debtors can rebut the presumption that the case was not filed in good faith by clear and convincing evidence.

The Court finds that the Debtors have met this burden. Over the past three months, the Debtors have complied with the terms set forth in this Court's previous order. The female debtor has obtained new employment where she earns $11.00 per hour representing an increase in income from her previous employment. The male debtor continues to work as a service technician at Eastern Propane, where he has been employed for fourteen years. Therefore, pursuant to 11 U.S.C. § 362(c)(4)(B), the Debtors' motion is **ALLOWED** and the automatic stay contained in 11 U.S.C. § 362(a) shall be extended throughout the life of the Debtors' plan. The extension of the automatic stay as to One West Bank will be conditioned for the first thirty-six months of the plan subject to the Debtors complying with the following requirement:

(1) The Debtors are to tender payments of $1,191.00 to the Chapter 13 Trustee's lock box within twenty (20) days of the due date, TIME BEING OF THE ESSENCE, beginning August 1, 2001 and continuing on the first day of each month thereafter for a period of thirty-six (36) months.

If the Debtors fail to make the payments as set forth above, the Debtors' case will be dismissed with no further hearing of this Court. In the event this case is dismissed pursuant to the

terms of this order, then the Debtors are hereby barred and enjoined from filing another bankruptcy petition, either individually or jointly, for a period of 180 days from the date this case is dismissed.

The Chapter 13 Trustee is authorized to make pre-confirmation adequate protection payments for each month after the filing date of March 25, 2011 to One West Bank in the amount $800.00 per month beginning August 1, 2011 and continuing thereafter, until confirmation.

**SO ORDERED**.

**END OF DOCUMENT**