**SO ORDERED.**

**SIGNED this 11 day of July, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

IN RE:

| | |
|---|---|
| JAMES M. TRIPP, | CHAPTER 13 |
| PAMELA S. TRIPP, | CASE NO. 11-02319-8-RDD |
| DEBTORS | |

### ORDER DENYING MOTION PURSUANT TO
### 11 U.S.C. § 362(c)(4)(A)(ii)
### CONFIRMING THAT AUTOMATIC STAY IS NOT IN EFFECT

Pending before the Court is the Motion for Order Pursuant to 11 U.S.C. § 362(c)(4)(A)(ii) Confirming that the Automatic Stay is Not in Effect filed by One West Bank, FSB on April 18, 2011 (the "Motion") and the Response to Motion for Order Pursuant to 11 U.S.C. § 362 Confirming that the Automatic Stay is Not in Effect filed by James M. Tripp and Pamela S. Tripp (the "Debtors") on May 2, 2011 (the "Response). The Court conducted a hearing on July 7, 2011, in New Bern, North Carolina to consider the Motion and the Response.

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 25, 2011. One West Bank, FSB[1] holds a claim secured by the Debtors' real property located at 3429

---

[1] One West Bank, FSB as Servicer for Deutsche Bank National Trust Company, solely as Trustee and not in its individual capacity for the Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2006-B under the Pooling and Servicing Agreement dated March 1, 2006 is hereinafter referred to as "One West Bank."

Whortonsville Road, Merritt, North Carolina 28556. A prior case of the Debtors, docketed as case no. 10-00877-8-RDD, was pending within the preceding one-year period but was dismissed on June 23, 2010. A second prior case of the Debtors, docketed as case no. 10-05784-8-RDD, was pending within the preceding one-year period but was dismissed on January 4, 2011.[2] Therefore, no automatic stay went into effect upon the filing of this petition. 11 U.S.C. § 362(c)(4)(A)(i).

The Debtors filed a motion on March 30, 2011, pursuant to 11 U.S.C. § 362(c)(4)(B) for a reimposition of the automatic stay as to all creditors. One West Bank filed an objection to the motion to reimpose the automatic stay on April 13, 2011. The Court conducted a hearing on the motion and the objection on April 19, 2011 (the "April Hearing"). The Debtors, counsel for the Debtors, counsel for One West Bank, and the Chapter 13 Trustee appeared at the hearing. After considering the evidence presented at the hearing, the Court found that the Debtors had rebutted the presumption that the case was not filed in good faith, by clear and convincing evidence, to the extent that a temporary reimposition of the automatic stay was warranted. The Court temporarily reimposed the automatic stay through July 7, 2011, subject to the Debtors complying with certain conditions and continued the hearing on the Debtors' motion for reimposition of the automatic stay and One West Bank's objection to July 7, 2011.[3]

---

[2] Although not falling within the preceding one-year period, the Debtors have filed an additional five cases within the preceding ten year period, docketed as case numbers: 02-05635-8-JRL, 04-01448-8-JRL, 04-05397-8-JRL, 05-02649-8-JRL and 09-07743-8–RDD. The female debtor under the name Pamela Saulter Rice, filed an individual voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 19, 1999, docketed as case no. 99-01766-8-JRL. The female debtor's case was dismissed for both the failure to make plan payments and the failure to file a confirmable plan on August 12, 1999.

[3] See *In re Tripp*, Case No. 11-02319-8-RDD (Bankr. E.D.N.C. April 21, 2011). The order provided in pertinent part:
   [p]ursuant to 11 U.S.C. § 362(c)(4)(B), the automatic stay contained in 11 U.S.C.

On April 18, 2011, One West Bank filed the current Motion. The Debtors filed their Response to One West Bank's Motion on May 2, 2011.

The Court conducted a hearing on July 7, 2011. At the hearing, the Court considered One West Bank's Motion and the Debtors' Response. One West Bank argued that because the Debtors had two or more cases dismissed within the preceding one-year period the automatic stay did not go into effect upon the filing of the Debtors' petition pursuant to 11 U.S.C. § 362(c)(4)(A)(i). Therefore, One West Bank requested the Court enter an order confirming that the automatic stay was not in effect pursuant to 11 U.S.C. § 362(c)(4)(A)(ii).

The Debtors argued that upon their timely filed motion to reimpose the automatic stay, the April Hearing took place whereby the Court entered an order temporarily imposing the automatic stay through July 7, 2011 subject to the Debtors complying with certain requirements. Therefore,

---

§ 362(a) shall be reimposed in the case through July 7, 2011, upon the following conditions:
> (1) the Debtors are to tender the April 1, 2011 payment of $840.00 to the lock box immediately;
> (2) the Debtors are to make payments of $1,200.00 to the Trustee within 15 days of the due date, TIME BEING OF THE ESSENCE, being the first day of each month as follows:
>> (a) May 1, 2011;
>> (b) June 1, 2011;
>> (c) July 1, 2011.

If the Debtors fail to make the payments as set forth above, the Debtors' case will be dismissed with no further hearing of this Court. In the event this case is dismissed pursuant to the terms of this order, then the Debtors are hereby barred and enjoined from filing another bankruptcy petition for five years from the date this case is dismissed.

Should the case not be dismissed, the Court hereby continues the hearing to July 7, 2011, in New Bern, North Carolina to further determine if the Debtors have overcome the presumption by clear and convincing evidence of not filing this case in good faith.

3

the automatic stay went into effect upon the entry of the Court's order on April 21, 2011. Additionally, the Debtors asserted that clear and convincing evidence exists to rebut the presumption that the case was not filed in good faith, including the Debtors compliance with the Court's previous order.

At the hearing on July 7, 2011, the Chapter 13 Trustee informed the Court that the Debtors had complied with the requirements of the previous order. The female debtor testified that subsequent to the previous hearing, she accepted employment with Eastern Carolina Dermatology. She testified that she works forty hours per week earning $11.00 per hour. This amount represents an increase in income compared to what she received at Craven Auto Repair Incorporated. She testified that her husband is still employed as a service technician with Eastern Propane. He works forty hours per week earning $14.50 per hour. Additionally, she testified that she and her husband filed the current bankruptcy petition for the purpose of paying their debts and keeping their home.

Based on the record before the Court and the evidence presented at the hearings the Court finds that the Debtors have rebutted the presumption that the case was not filed in good faith by clear and convincing evidence. Over the past three months, the Debtors have complied with the terms set forth in the Court's previous order temporarily reimposing the automatic stay. The female debtor has obtained new employment where she earns $11.00 per hour representing an increase in income from her previous employment. The male debtor continues to work as a service technician at Eastern Propane, where he has been employed for fourteen years.

Therefore, One West Bank's Motion to Confirm that the Automatic Stay is not in Effect is **DENIED**.

As ordered in the Court's Order Allowing Debtors' Motion Pursuant to 11 U.S.C. § 362(c)(4)(B) for Reimposition of the Automatic Stay, the automatic stay contained in 11 U.S.C. § 362(a) shall be extended throughout the life of the Debtor's plan. The extension of the automatic stay as to One West Bank will be conditioned for the first thirty-six months of the plan subject to the Debtors complying the following requirement:

(1) The Debtors are to tender payments of $1,191.00 to the Chapter 13 Trustee's lock box within twenty (20) days of the due date, TIME BEING OF THE ESSENCE, beginning August 1, 2001 and continuing on the first day of each month thereafter for a period of thirty-six (36) months.

If the Debtors fail to make the payments as set forth above, the Debtors' case will be dismissed with no further hearing of this Court. In the event this case is dismissed pursuant to the terms of this order, then the Debtors are hereby barred and enjoined from filing another bankruptcy petition, either individually or jointly, for a period of 180 days from the date this case is dismissed.

The Chapter 13 Trustee is authorized to make pre-confirmation adequate protection payments for each month after the filing date of March 25, 2011 to One West Bank in the amount $800.00 per month beginning August 1, 2011 and continuing thereafter, until confirmation.

**SO ORDERED**.

**END OF DOCUMENT**